*Miller & Linder*, for plaintiff.

*C. L. Stocker* and *E. H. Tracy*, for defendant.

---

### VERIFICATION OF PLEADINGS.

Circuit Court of Cuyahoga County

THE BULLOCH-BERESFORD MANUFACTURING CO. v. H. E. HEDGES.[*]

Decided, June 26, 1905.

*Pleadings—Verification of—When Made by an Agent or Attorney of a Corporation—Officers Who May Verify Pleadings Without Restriction—Sections 5102 and 5109.*

The provisions of Section 5109, Revised Statutes, regarding verification of pleadings by agents and attorneys, apply to the pleadings of corporations as well as those of natural persons.

WINCH, J.; HENRY, J., concurs; MARVIN, J., dissents.

Error to the court of common pleas.

The question presented by the petition in error in this case is whether a petition in an action instituted by a corporation having its place of business within the county should be stricken from the files because it was not verified by an officer of the corporation. The verification complained of was by the corporation's attorney, no reason being given why it was not verified by an officer, and no statement being made that the facts were within the personal knowledge of the attorney.

This question requires a construction of Sections 5102 and 5109, Revised Statutes of Ohio; the former section, so far as applicable, reads as follows:

"Every pleading of fact must be verified by the affidavit of the party, his agent or attorney; when a corporation is a party, the verification may be made by an officer thereof, its agent or attorney."

---

[*]Affirmed by the Supreme Court, March 19, 1907; reported, 76 Ohio State, —

Section 5109 provides: "The affidavit verifying a pleading can be made by the agent or attorney only when;" then follows four specified cases when it can be done, within none of which the verification in this case is brought.

It is said that Section 5109 does not apply to the pleading of a corporation. The common pleas court held otherwise. We apprehend that it was right.

Were it not for Section 5109, under a fair construction of Section 5102, read without reference to any other law, we take it that every pleading, whether of a natural or artificial person, might be verified by an agent or attorney, without restriction or qualification.

The same may be said of Section 5109. Read by itself it applies to all pleadings, whether of natural or artificial persons. It is a manifest limitation upon the privilege of having pleadings verified by agents or attorneys, granted under Section 5102.

It would seem, then, that by combining the two sections there would not result any exemption of corporations from the operation of Section 5109, though we are aware that the conclusion reached by the Common Pleas Court of Cuyahoga County is not in harmony with the conclusion reached by the Common Pleas Court of Franklin County, 7 N. P., 127, and the Common Pleas Court of Lucas County, 2 N. P., 260.

The two cases last cited proceed upon the proposition that officers, agents and attorneys of corporations are all of them its agents. True, but it does not follow that all its agents and attorneys are *officers,* and we believe that the only agents of a corporation who may verify its pleadings without restriction are such as are *strictly officers,* having charge and control of its affairs, whom the law must presume to have sufficient knowledge of its affairs to warrant them in verifying statements of fact on its behalf, as though made for themselves.

The judgment is affirmed.

*George S. Groot,* for plaintiff in error.

*W. J. Patterson,* for defendant in error.